UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERED EDWARDS, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) HEALTHCARE REVENUE RECOVERY ) GROUP, LLC, ) ) Defendant. ) | Civil Action No. 20-cv- Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff Jered Edwards, on behalf of himself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

### STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm as a result of Defendant's attempt to collect an alleged debt from him, by mailing him a letter that does not correctly indicate the identity of the creditor to which the alleged debt is owed.

1

## PARTIES

5. Plaintiff, Jered Edwards, ("Plaintiff"), is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for medical services. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant, Healthcare Revenue Recovery Group, LLC ("HRRG") is a Florida limited liability company that does or transacts business in Illinois. Its registered agent is Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, Illinois, 62703.

7. HRRG is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. HRRG maintains a website, https://www.healthcarerevenuerecoverygroup.com/.

9. As of the date of the filing of this action, the website reads in part:

> This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Excerpted on March 11, 2020 from: https://www.healthcarerevenuerecoverygroup.com/.

10. HRRG holds a collection agency license from the State of Illinois.

11. HRRG regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

12. Plaintiff incurred an alleged debt for medical care provided to him for personal purposes, unrelated to any business purpose ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

13. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and the alleged debt went into default.

14. HRRG subsequently began collecting the alleged debt.

15. On or about April 2, 2019, HRRG sent Plaintiff a collection letter ("Letter") in an attempt to collect the alleged debt. (Exhibit A, Collection Letter).

16. The Letter conveyed information regarding the alleged debt, including an account number and balance due on the alleged debt.

17. Plaintiff read the Letter.

18. The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

19. The Letter was HRRG's initial communication with Plaintiff regarding the alleged debt.

20. The Letter, as its subject, reads in part as follows:

> Re: 43282374 **Validation Notification**
> hrrgcollections.com
> PIN# 1.43282374.512

(Ex. A, Letter) (emphasis added)

21. The Letter goes on to state, "The Healthcare Creditor(s) shown below hired Healthcare Revenue Recovery Group (HRRG) to collect the balance due." (Ex. A, Letter).

22. HRRG lists the "Creditor" as "MEA-Munster".

23. Plaintiff does recognize any company called "MEA-Munster".

24. An unsophisticated consumer with Plaintiff's knowledge would not recognize any company called "MEA-Munster".

25. There is no such entity as "MEA-Munster".

26. The Letter directs that payment may be remitted to HRRG.

3

27. The Letter does not identify a creditor to whom the debt is owed.

28. The Letter further indicates that upon written request by Plaintiff made within thirty (30) days of receiving the notice, "this office will provide you with the name and address of the original creditor, if different from the current creditor." (Ex. A, Letter)

29. The Letter thus communicates the possibility that the current creditor and the original creditor may be different.

30. Yet nowhere does the Letter identify a current creditor.

31. The confusion as to the identity of the current creditor is compounded by the fact that the Letter states, at the top, "Re: 43282374 Validation Notification". (Ex. A, Letter).

32. Plaintiff understood the statement to mean that the alleged debt has already been validated, and the information provided is accurate.

33. The unsophisticated consumer would understand the statement to mean that the alleged debt has already been validated, and that the information provided is accurate.

34. 15 U.S.C. § 1692g of the FDCPA provides as follows:

> **(a) Notice of debt; contents**
>
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **. . . (2) the name of the creditor to whom the debt is owed. . . .**

35. HRRG has failed to effectively state the name of the current creditor, in violation of 15 U.S.C. § 1692g(a)(2).

36. A debt collector risks violating the FDCPA when it chooses its own language that does not make clear the identity of the current creditor. *Steffek v. Client Servs.*, No. 19-1491,

4

2020 U.S. App. LEXIS 1759, at *12 (7th Cir. Jan. 21, 2020) (requiring the debt collector to identify clearly the name of the creditor to whom the debt is owed).

37. HRRG's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

38. Plaintiff, Jered Edwards, brings this action individually and as a class on behalf of (1) all persons similarly situated in the United States of America (2) from whom HRRG attempted to collect a debt (3) by mailing a letter substantially similar to Exhibit A of Plaintiff's Complaint (4) which lists the "Creditor" as "MEA-Munster" (5) which contains the words "Validation Notification", and which letter was (6) mailed during the period of time that begins one year prior to the filing of this Class Action Complaint, and ends on the date of filing of this Class Action Complaint.

39. Exhibit A is a form letter.

40. As Exhibit A is a form letter, the Class likely consists of more than 40 persons from whom HRRG attempted to collect a judgment.

41. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

42. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the

Class and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

43. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because HRRG's conduct was perpetrated on all members of the Class and will be established by common proof.

44. Moreover, Plaintiff has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

45. Upon information and belief, HRRG's net worth is more than $5,000,000.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

47. HRRG failed to effectively state the name of the current creditor to whom a debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the class and against HRRG as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/*Mario Kris Kasalo*
One of Plaintiff's Attorneys

Mario Kris Kasalo
**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, IL 60602
Tel 312-726-6160
Fax 312-698-5054
mario.kasalo@kasalolaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: s/ *Mario Kris Kasalo*
Mario Kris Kasalo