UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERED EDWARDS, on behalf ) | |
| of himself and all others similarly situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 20-cv-01723 |
| v. ) | |
| ) | |
| HEALTHCARE REVENUE RECOVERY ) | Hon. Mary Rowland |
| GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO STRIKE PORTIONS OF DEFENDANT HEALTHCARE REVENUE RECOVERY GROUP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

Plaintiff, Jered Edwards, by and through his attorneys, The Law Office of M. Kris Kasalo, Ltd, respectfully states as follows for his reply to Defendant's response to Plaintiff's Fed. R. Civ. P. 12(f) motion to strike portions of Defendant's Answer and Affirmative Defenses:

1. Defendant has filed a response to Plaintiff's Motion that concedes that its Second, Fourth, Fifth and Sixth Affirmative Defenses should be stricken, but also argues that its Third Affirmative Defense and its request for attorney fees be allowed to remain [30]. For the reasons below, Defendant's argument that its Third Affirmative Defense and its request for attorney fees be allowed to remain is without merit, necessitating that Plaintiff's Motion be granted *in toto*.

**Defendant's Second Affirmative Defense, *Bona Fide Error,* Should Be Stricken As It Fails to Plead the Circumstances of the "Mistake" With Particularity, In Violation of Fed.R.Civ.P. 9(b)**

2. Defendant "HRRG concedes that numerous courts in the Seventh Circuit have held the affirmative defense of "bona fide error" to alleged FDCPA violations is subject to the pleading standards associated with "mistake" in Rule 9(b) of the Federal Rules of Civil

1

Procedure." [30 at 4]. Defendant thus seeks leave to replead its defense to comport with Fed.R.Civ.P. 9(b). *Id.*

3. Both parties are thus in agreement: this defense should therefore be stricken, and Defendant given leave to replead the defense with particularity as required, as required by Fed.R.Civ.P. 9(b), and as found in the cases of *Beigl v. Northwest Collectors, Inc.*, 2012 U.S. Dist. LEXIS 28675 at *2 (N.D. Ill. Mar. 5, 2012), *Lowe et al v. Diversified Consultants, Inc.*, 2012 U.S. Dist. Lexis 123650 at *2-3 (August 30, 2012), and *Konewko v. Dickler, Kahn, Slowikowsi & Zavell, Ltd.*, 2008 U.S. Dist. LEXIS 40685 at *2-3 (May 14, 2008).

**Defendant's Third Defense, that the Violations Alleged Were Not "Material", Should be Stricken as the Seventh Circuit Defines "Materiality" as an Element of an FDCPA Claim, and Not as an Affirmative Defense**

4. Defendant states as follows for its Third Affirmative Defense:

To the extent HRRG has made any misrepresentation, it was not a material false or misleading statement; therefore Plaintiff's alleged claim is not actionable under the FDCPA. *Hahn v. Triumph Partnerships, LLC,* 557 F. 3d 755 (7th Cir. 2009); *Donohue v. Quick Collect, Inc.*, 592 F. 3d 1027 (9th Cir. 2010). [23 at 12].

5. The Third Defense should be stricken because it is not properly pleaded as an affirmative defense. "An affirmative defense is one that admits the allegations in the complaint, but avoids liability, in whole or in part, by new allegations of excuse, justification or other negating matters." *Riemer v. Chase Bank USA, N.A.*, 274 F.R.D. 637, 639 (N.D. Ill. 2011). However, when a defendant attacks the plaintiff's prima facie case, it is a "negative defense," which is distinct from an affirmative defense. *Id.*

6. As held in the very case to which Defendant cites to support its defense, *Hahn*, "Materiality is an ordinary <u>element of any federal claim</u> based on a false or misleading statement.). *Hahn*, 557 F.3d. at 757 (emphasis added); *Gritters v. Ocwen Loan Servicing, LLC*, 2018 U.S. Dist. LEXIS 63010, at *23 (N.D. Ill. Apr. 13, 2018).

7. Here, Defendant's Third Defense thus alleges that Plaintiff cannot establish materiality. This "defense" is a direct attack on the allegations made in Plaintiff's complaint that are an element of his claim. As such, it is a negative defense, and is not appropriately pleaded as an affirmative defense. The Third Defense should thus also be stricken. See *Escobedo v. Oswego Junction Enters, LLC*, No. 17-cv-0682, 2017 U.S. Dist. LEXIS 115366, at *10-11 (N.D. Ill. July 24, 2017).

8. Defendant does not seek to differentiate the 7th Circuit case of *Hahn* in its response to in any way argue that materiality is not an element of Plaintiff's claim. It *is*. Rather, Defendant cites to an out-of-circuit, district court case of *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 492 (S.D. Cal. 2013) to support that materiality is a defense. However, it is 7th Circuit caselaw that is controlling here, and *Hahn* could not have been clearer that materiality is an element of the claim, and thus not a defense.

9. Further, even if *Polk* is followed over *Hahn*, in *Polk* the Court nonetheless **granted** the Plaintiff's Motion to Strike the "defense" of materiality for the reason that it ". . .also agrees with the Plaintiffs that the defense is not pled with sufficient detail to give fair notice", and thus it struck the defense with leave to replead. *Id.*

10. Here, Defendant gives no more detail as to the "materiality" defense than the defendant in *Polk*, which asserted "if any false representations occurred, which is denied, that any false representations were non-material and not actionable under the FDCPA." *Id.*

11. Thus, even if *Polk* were to be followed, the "affirmative defense" of materiality should be stricken.

3

**Defendant's Fourth, Fifth and Sixth Affirmative Defense Should Be Stricken as Defendant Withdraws the Same**

12. In its Response, Defendant asserts:

In addition to statutory damages, Plaintiff prayed for "other or further relief." Docket entry #1, pg. 10. In its motion to strike, Plaintiff stipulates that he "asserts only statutory damages in this case." Docket entry ¶ 22 (emphasis in the original). In light of that stipulation, <u>HRRG would be willing to stipulate to a withdrawal of its Fourth, Fifth, and Sixth Affirmative Defenses without prejudice.</u>

[30 at 2, Footnote 2, emphasis added].

13. Though Defendant asserts that it now agrees to dismiss its Fourth, Fifth and Sixth defenses because Plaintiff "stipulates" that he asserts only statutory damages in this case, Defendant's argument that its withdrawal is in *response* to a "stipulation" made by Plaintiff is a spurious one: Plaintiff's complaint only seeks statutory damages, and Plaintiff only reiterated this already-evident fact in its Motion to Strike as a basis for striking Defendant's purported defenses, and not as a "stipulation". In other words, Plaintiff argues that the Fourth, Fifth and Sixth defenses were improper *ab initio*—his "stipulation" notwithstanding.

14. Defendant's Fourth, Fifth and Sixth defenses, which it recognizes as being improper, should thus be stricken.

**Defendant's Request for Attorney Fees Should Be Stricken, as it Requires a Bad Faith Finding by this Court, Though No Facts Have Been Plead by Defendant to Support that Plaintiff filed his Complaint in Bad Faith**

15. Defendant has requested that the Court impose attorney fees against the Plaintiff, without identifying a basis, statutory or otherwise, for its request. [23 at 13].

16. "The FDCPA allows the court to award fees to a prevailing defendant if the court finds that the "action . . . was brought in bad faith and for the purpose of harassment." *Rossi v. Kohn Law Firm S.C.,* No. 19-cv-192-jdp, 2020 U.S. Dist. LEXIS 199479, at *2 (W.D. Wis. Oct. 27, 2020).

4

17. Nowhere in its Answer does Defendant assert any facts that could support that Plaintiff brough this action in bad faith and for the purpose of harassment. [23].

18. Had Defendant made such an assertion, it would have been required to provide a basis for the claim in its Answer. *Polk*, 291 F.R.D. 492-493 (stating "In their nineteenth affirmative defense, Defendants allege that this suit "was brought in bad faith and is completely without merit." Defendants provide no basis for this claim in their answers. Accordingly, the Court **STRIKES** Defendants' nineteenth affirmative defense **WITH LEAVE TO AMEND.**")

19. As Defendant asserts neither that Plaintiff has brought this lawsuit in bad faith nor for purposes of harassment, and does not assert any other basis for its request, its request for attorney fees is thus unfounded and should be stricken.

WHEREFORE, Plaintiff prays for the following:

a) That Defendant's Second, Third, Fourth, Fifth, and Sixth Affirmative Defenses be stricken, along with Defendant's request for attorney fees;

b) For any other and further relief this Court deems just.

Respectfully submitted,

Mario Kris Kasalo,

By: /s/ *Mario Kris Kasalo*
Attorney for Plaintiff

**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

## CERTIFICATE OF SERVICE

I, Mario Kris Kasalo, an attorney, certify that I shall cause to be served a copy of **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO STRIKE PORTIONS OF DEFENDANT HEALTHCARE REVENUE RECOVERY GROUP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES** in this case that will be served via CM/ECF on November 4, 2020 to all attorneys that have appeared herein.

By: /s/ *Mario Kris Kasalo*
Attorney for Plaintiff