UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERED EDWARDS, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 20-cv-01723 |
| v. ) ) | Honorable Mary M. Rowland |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC, ) ) ) | |
| Defendant. ) | |

## FIRST AMENDED COMPLAINT

Plaintiff Jered Edwards, on behalf of himself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm as a result of Defendant's attempt to collect an alleged debt from him, by mailing him a letter that does not correctly indicate the identity of the creditor to which the alleged debt is owed.

1

## **PARTIES**

5. Plaintiff, Jered Edwards, ("Plaintiff"), is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for medical care rendered to Plaintiff. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant, Healthcare Revenue Recovery Group, LLC ("HRRG") is a Florida limited liability company that does or transacts business in Illinois. Its registered agent is Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, Illinois, 62703.

7. HRRG is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. HRRG maintains a website, https://www.healthcarerevenuerecoverygroup.com/.

9. As of the date of the filing of this action, the website reads in part:

> This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Excerpted on March 11, 2020 from: https://www.healthcarerevenuerecoverygroup.com/.

10. HRRG holds a collection agency license from the State of Illinois.

11. HRRG regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

12. HRRG specializes in the collection of delinquent medical debts owed to third parties.

13. More than 50% of HRRG's income comes from the collection of delinquent medical debts owed to third parties.

## FACTUAL ALLEGATIONS

14. Plaintiff incurred an alleged debt for medical care provided to him for personal purposes, unrelated to any business purpose ("alleged debt").

15. The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

16. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and the alleged debt went into default.

17. HRRG subsequently began attempting to collect the alleged debt.

18. On or about April 2, 2019, HRRG sent Plaintiff a collection letter ("Letter") in an attempt to collect the alleged debt. (Exhibit A, Letter).

19. The Letter conveyed information regarding the alleged debt, including an account number and balance due on the alleged debt.

20. Plaintiff read the Letter.

21. The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

22. The Letter was HRRG's initial communication with Plaintiff regarding the alleged debt.

23. The Letter, as its subject, reads in part as follows:

> Re: 43282374 **Validation Notification**
> hrrgcollections.com
> PIN# 1.43282374.512

(Ex. A, Letter) (emphasis added)

24. The Letter goes on to state, "The Healthcare Creditor(s) shown below hired Healthcare Revenue Recovery Group (HRRG) to collect the balance due." (Ex. A, Letter).

25. The Letter states that $580.00 is owed to "MEA-MUNSTER".

26. Plaintiff disputes that he owes $580.00 to "MEA-MUNSTER".

27. HRRG lists the "Creditor" as "MEA-MUNSTER".

28. Plaintiff did not recognize or know of any company called "MEA-MUNSTER".

29. "MEA-MUNSTER" was not the legal name of the creditor for which HHRG was seeking to collect the alleged debt, when the Letter was mailed.

30. At the time the Letter was mailed, "MEA-MUNSTER" was not registered in the State of Indiana as an assumed name for the creditor on whose behalf HRRG sought to collect the alleged debt.

31. Upon information and belief, HRRG was seeking to collect an alleged debt owed for physician services Plaintiff received at Community Hospital, 901 Macarthur Blvd, Munster, IN 46321.

32. An unsophisticated consumer with Plaintiff's knowledge would not recognize any company called "MEA-MUNSTER".

33. "MEA-MUNSTER" is not the name of any legal entity to which Plaintiff owes money.

34. Plaintiff thought that the Letter was part of a scheme to have him pay money toward a nonexistent debt.

35. The confusion as to the identity of the current creditor is compounded by the fact that the Letter states, at the top, "Re: 43282374 Validation Notification". (Ex. A, Letter).

36. The term "Validation Notification" was believed by Plaintiff to be a further attempt to lend credibility to the validity of the alleged debt being collected, so that he would believe that the alleged debt was already validated as being accurate and owed by him.

4

37. 15 U.S.C. § 1692g of the FDCPA provides as follows:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**. . . (2) the name of the creditor to whom the debt is owed. . . .**

38. HRRG has failed to state the name of the current creditor, in violation of 15 U.S.C. § 1692g(a)(2).

39. Plaintiff did not understand or know, and the unsophisticated consumer would not understand or know, the identity of the creditor for which HRRG was collecting.

40. Plaintiff did not recognize the creditor and ignored the Letter as just another fraudulent attempt to bilk him out of money.

41. In fact, as Plaintiff only learned later, HRRG was seeking to collect an alleged medical debt.

42. Plaintiff did not believe that he owed the alleged medical debt HRRG was attempting to collect.

43. In addition to seeking to collect the alleged debt, HRRG communicated to Plaintiff certain rights he had under the Fair Debt Collection Practices Act to dispute the alleged debt, and to request and receive verification of the alleged debt.

44. Plaintiff did not seek verification of the alleged debt, however, because he thought the Letter was part of a scheme to deceive him.

45. Plaintiff would have sought verification of the alleged debt had he known that HRRG was seeking to collect a debt alleged to be owed by him for medical care he received at Community Hospital.

5

46. Plaintiff thus didn't exercise his rights because he thought the Letter was part of a scheme to deceive him, which belief reasonably stemmed from HRRG's failure to clearly disclose the creditor's identity.

47. Plaintiff needed to know who how much he owed, and to whom, because he must decide to do something about the alleged debt—whether to dispute, pay up, or retain a lawyer, among many other possibilities.

48. Knowing the identity of the creditor, and whether that creditor in fact exists, is—like knowing how much one owes—central to a consumer like Plaintiff being able to intelligently respond to an effort to collect a debt.

49. HRRG's misrepresentation of required information in this case caused actual confusion about the legitimacy of the collection notice and carried with it an appreciable risk of harm—namely, that Plaintiff would fail to exercise his rights because the letter was deemed to be a scheme to deceive him.

50. Had Plaintiff been made aware on whose behalf HRRG was collecting he would have exercised those rights, including notifying HRRG that the debt was disputed.

51. Instead, because of HRRG's failure to adequately identify the creditor, Plaintiff unknowingly waived his rights.

52. Plaintiff's rights are now waived as a matter of law and thus Plaintiff has no right to receive verification of the alleged debt, and/or to dispute the alleged debt and have HRRG cease collection of the alleged debt until it mailed him verification of the same, as set out in section 1692g.

53. Failure to accurately identify the creditor thus impaired Plaintiff's ability to use it for a substantive purpose that the statute envisioned.

54. The Letter states in part that "The Healthcare Creditor(s) shown below hired Healthcare Revenue Recovery Group (HRRG) to collect the balance due." (Exhibit A, Letter).

55. The statement that "The Healthcare Creditor(s) shown below hired Healthcare Revenue Recovery Group (HRRG) to collect the balance due.", is false.

56. HRRG was not authorized to collect the alleged debt from Plaintiff.

57. No agreement exists between HRRG and the creditor identified in Exhibit A that evidences that HRRG was hired and authorized to collect the alleged debt, such as a collection agreement and/or HIPAA documentation.

58. Had Plaintiff paid money to HRRG, he would not be paying money toward the alleged debt as HRRG was not authorized to collect the same.

59. HRRG's act of seeking to collect the alleged debt without being authorized to do so by the alleged creditor carried with it an appreciable risk of harm—namely, that Plaintiff would pay the alleged debt to an entity that was not authorized to collect the alleged debt, that would result in Plaintiff still owing money alleged to be owed to the creditor even after full payment had been made, since payment to HRRG would not constitute a payment to the alleged creditor.

60. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . .**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

. . .

61. HRRG violated 15 U.S.C. § 1692e(5) by seeking to collect the alleged debt on behalf of an entity which did not authorize it to undertake said collection.

62. HRRG also violated 15 U.S.C. §§ 1692e, 1692f, and 1692d by seeking to collect an alleged debt it was not authorized to collect, and by making the false, unfair/unconscionable, misleading and deceptive statement that "The Healthcare Creditor(s) shown below hired Healthcare Revenue Recovery Group (HRRG) to collect the balance due."

63. A debt collector risks violating the FDCPA when it chooses its own language that does not make clear the identity of the current creditor. *Steffek v. Client Servs.*, No. 19-1491, 2020 U.S. App. LEXIS 1759, at *12 (7th Cir. Jan. 21, 2020) (requiring the debt collector to identify clearly the name of the creditor to whom the debt is owed).

64. HRRG's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

## CLASS I

65. Plaintiff incorporates by reference the foregoing paragraphs as if plead fully herein.

66. Plaintiff, Jered Edwards, brings this action individually and as a class on behalf of (1) all persons that reside in the United States of America (2) from whom HRRG attempted to collect a debt (3) by mailing a letter substantially similar to Exhibit A of Plaintiff's Complaint (4) which lists the "Creditor" as "MEA-MUNSTER" (5) which contains the words "Validation Notification" and which contains a Notice of Debt as that term is understood in the FDCPA,

8

section 1692g, and which letter was mailed (6) during the period of time that begins one year prior to the filing of this Class Action Complaint, and ends on the date of filing of this Class Action Complaint.

### CLASS II

67. Plaintiff, Jered Edwards, brings this action individually and as a class on behalf of (1) all persons that reside in Illinois (2) from whom HRRG attempted to collect a debt (3) by mailing a letter substantially similar to Exhibit A of Plaintiff's Complaint (4) which lists the "Creditor" as "MEA-MUNSTER" (5) which contains the words "Validation Notification" and which contains a Notice of Debt as that term is understood in the FDCPA, section 1692g, and which letter was mailed (6) during the period of time that begins one year prior to the filing of this Class Action Complaint, and ends on the date of filing of this Class Action Complaint.

68. Exhibit A is a form letter.

69. HRRG's website contains a page titled "VIEW NOTICE" which allows one to hyperlink to access a "sample notice" that HRRG mails to individuals from whom it seeks to collect delinquent medical debts, See https://www.healthcarerevenuerecoverygroup.com/view-notice/, Accessed and excerpted on February 9, 2021. (Exhibit B, Website capture).

70. A copy of the "sample notice" available through the hyperlink is attached hereto as Exhibit C. Accessed and excerpted on February 9, 2021 from https://www.healthcarerevenuerecoverygroup.com/wp-content/uploads/2015/08/Sample_Letter_New.jpg.

71. As Exhibit A is a form letter, each Class likely consists of more than 40 persons from whom HRRG attempted to collect a debt.

72. Plaintiff's claims are typical of the claims of each Class. Common questions of law or fact raised by this class action complaint affect all members of each Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of each Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

73. The prosecution of separate actions by individual members of each Class would create a risk of inconsistent or varying adjudications with respect to individual members of each Class and would, as a practical matter, either be dispositive of the interests of other members of each Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

74. Plaintiff will fairly and adequately protect and represent the interests of each Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of each Class, because HRRG's conduct was perpetrated on all members of each Class and will be established by common proof.

75. Moreover, Plaintiff has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—CLASS COUNT**

76. Plaintiff incorporates by reference the foregoing paragraphs as if plead fully herein.

77. HRRG failed to effectively state the name of the current creditor to whom a debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the Class(es) and against HRRG as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C.    Such other or further relief as the Court deems proper.

## COUNT II—FAIR DEBT COLLECTION PRACTICES ACT—INDIVIDUAL COUNT

78. Plaintiff incorporates by reference the foregoing paragraphs as if plead fully herein.

79. HRRG violated 15 U.S.C. § 1692e(5) by seeking to collect the alleged debt on behalf of an entity which did not authorize it to undertake said collection.

80. HRRG violated 15 U.S.C. §§ 1692e, 1692f, and 1692d by seeking to collect an alleged debt it was not authorized to collect.

81. HRRG violated 15 U.S.C. §§ 1692e, 1692f, and 1692d by stating that "The Healthcare Creditor(s) shown below hired Healthcare Revenue Recovery Group (HRRG) to collect the balance due."

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against HRRG as follows:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C. Such other or further relief as the Court deems proper.

By: s/*Mario Kris Kasalo*
One of Plaintiff's Attorneys

Mario Kris Kasalo
**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, IL 60602
Tel 312-726-6160
Fax 312-698-5054
mario.kasalo@kasalolaw.com

**EXHIBIT A**

EXHIBIT A

# HRRG

MAIL RETURN ONLY
PO BOX 8486 · CORAL SPRINGS FL 33075-8486

**800-567-1757**
en Español 877-634-9119

Office Hours:
Monday through Friday
8:00AM to 11:00PM EST/EDT

April 02, 2019



HRRG ▲ 022807
JERED EDWARDS

Re: ▓▓▓ Validation Notification
hrrgcollections.com
PIN# 1.43282374.512

Dear Jered Edwards:

The Healthcare Creditor(s) shown below hired Healthcare Revenue Recovery Group (HRRG) to collect the balance due. To pay, just fill in your credit card information on the reverse side of this notice, or enclose your check/money order payable to the creditor, along with the payment voucher below using the postage paid envelope. To pay using our automated IVR accessible 24 hours a day, call 855-pay-hrrg (855-729-4774) or visit our website at www.hrrgcollections.com. Both options require the PIN # listed above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from Healthcare Revenue Recovery Group, LLC; a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

(NOTICE: SEE REVERSE SIDE FOR APPLICABLE DISCLOSURES AND PAYMENT INFORMATION.)

✂ ✂

Reference #: 43282374     Total Balance: $580.00     Amount Enclosed $_____

| Creditor | Account # | Regarding | Amt Owed | ServDate |
|---|---|---|---|---|
| MEA-MUNSTER |  | EDWARDS, JERED | 580.00 | 06/26/18 |

PO BOX 5406
CINCINNATI OH 45273-7942
|l..l.l.l..l.ll..l.ll.l..ll.l..l.l.ll..ll|

1 043282374 000058000 0216093476 2 2

H1

**Credit Card payments will appear on your next credit card statement as "HRRG".**

For your convenience you may pay by MasterCard, VISA, American Express or Discover. Check the appropriate box, print the cardholder's name as it appears on the card, the card number, the expiration date, sign and return this portion of your statement.

**INSURANCE INFORMATION**

Insurance Company: _____

Claims Address: _____

City, State, Zip: _____

Policy Number: _____

Group Number: _____

Subscriber's Name: _____

Relationship: _____

Medicare Number: _____

**Change of Address:**

Address: _____ Apt./Unit#: _____

City: _____ State: _____ Zip: _____

**CREDIT CARD PAYMENT**  Please Check Appropriate Box  ☐ MasterCard  ☐ VISA  ☐ AmEx  ☐ Discover

CARD NUMBER: ☐☐☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐☐☐

EXP. DATE: ☐☐☐☐   PAYMENT AMOUNT: ☐☐☐☐☐.☐☐

SIGNATURE: _____   PHONE NUMBER: ☐☐☐-☐☐☐☐-☐☐☐☐

NAME AS IT APPEARS ON CARD - PLEASE PRINT

**EXHIBIT B**

EXHIBIT B

**HRRG**
Healthcare Revenue Recovery Group, LLC

HOME | PAY ONLINE | FAQS | ACCOUNT INFORMATION | LOGIN HELP | CONTACT HRRG | ESPAÑOL

Home > View Notice

# VIEW NOTICE
View previous notices sent on your account.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

CLICK HERE to view notices sent within the past year.

To ensure the security of its site, HRRG requires users to identify themselves by entering their PIN code (sent in HRRG's notice) and one piece of personal information (last 4 digits of patient's social security number or if we have no SSN on file, patient's date of birth). If you do not have our notice, and want to view your notices mailed to you within the past year, please call 800-984-9115 to ask a customer service representative for your PIN.

Please have this information available in order to complete any of the following:

- View notices sent within the past year
- See account information, including balance
- Make a secure payment online

CLICK HERE to go to our secure login page.

Need to find your personal identifier (PIN) number?

- If you received a notice after April 1, 2015, click here to view a sample notice.
- If you received a notice prior to April 1, 2015, click here to view a sample of our old notice.

---

**HRRG MAIN MENU**

Home

About HRRG

Frequently Asked Questions

Pay Online

Account Information

Login Help

Contact HRRG

**ACCOUNT DETAILS AREA**

Make A Payment

View Notice

Update Mailing Address

Update Email Address

Account Information

Login Help

Terms of Use and Legal Disclosures

**MAKE A PAYMENT**

Click here to make a payment online

**CAMBIAR IDIOMA**

Haga clic aquí para HRRG en Espanol

**CONTACT HRRG**

HRRG Toll Free Phone (English): 800-984-9115
HRRG Toll Free Phone (Spanish): 800-398-3975
HRRG Toll Free Phone (Automated Payment System): (855-PAY-HRRG) / 855-729-4774

Copyright © 2017 HealthCareRevenueRecoveryGroup.com. All Rights Reserved.

Back to Top

**EXHIBIT C**

EXHIBIT C



PO BOX 189053
PLANTATION FL 33318-9053

800-984-9115
en Español 800-398-3975

February 15, 2013



HRRG - 000081
SAMPLE PATIENT    T1 P1
SAMPLE ADDRESS
LIVE OAK FL 32064

Re: KKT682 Validation Notification

Dear Sample Patient:

hrrgcollections.com
PIN# 12311360

The Healthcare Creditor(s) shown below hired Healthcare Revenue Recovery Group (HRRG) to collect the balance due. To pay, just fill in your credit card information on the reverse side of this notice, or enclose your check/money order payable to the creditor, along with the payment voucher below using the postage paid envelope. To pay using our automated IVR accessible 24 hours a day, call 855-pay-hrrg (855-729-4774) or visit our website at www.hrrgcollections.com. Both options require the PIN # listed above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from Healthcare Revenue Recovery Group, LLC; a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.



**CERTIFICATE OF SERVICE**

I, Mario Kris Kasalo, an attorney, hereby certify that on February 15, 2021, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

By: /s/*Mario Kris Kasalo*